UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-21356-CIV-MORENO

CARIBBEAN ISLES VILLAS
CONDOMINIUM ASSOCIATION, INC.,

 Plaintiff,
vs.

EVEREST NATIONAL INSURANCE COMPANY,

 Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Federal Rules of Civil Procedure and Local Rules for Southern District of Florida, Plaintiff, CARIBBEAN ISLES VILLAS CONDOMINIUM ASSOCIATION, INC. (the "Insured" or "Plaintiff"), hereby responds to Defendant's, EVEREST NATIONAL INSURANCE COMPANY ("Defendant" or the "Insurance Company"), Motion to Dismiss Plaintiff's Complaint, and respectfully states as follows:

**STANDARD OF REVIEW**

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must consider whether the well-plead factual allegations, taken as true and construed in the light most favorable to the Plaintiff plausibly suggest that the Plaintiff is entitled to relief for its claims. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). "A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1022 (11th

Cir.2001).

In ruling on a motion to dismiss, the trial court must confine itself strictly to the allegations within the four corners of the complaint. *Milburn v. United States*, 734 F.2d 762 (11th Cir.1984). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Legal Memorandum in Response to Motion to Dismiss Complaint**

Defendant raises several issues in its Motion to Dismiss. First, it alleges that Plaintiff has failed to attach the estimate for damages at issue, however Defendant admits to having an estimate from Plaintiff in its possession in the amount of $5,046,583.09. Second, it alleges that Plaintiff did not specifically assert the conditions precedent Plaintiff had complied with. Third, it alleges that Plaintiff's Complaint fails to identify with specificity the Everest Policy provisions that allegedly provide coverage for Plaintiff's damages.

1. **Plaintiff's Alleged Failure to State a Claim**

As its first basis for dismissal, Defendant argues that Plaintiff failed to state a cause of action because it purportedly did not sufficiently define the basis of the loss. Contrary to Defendant's arguments, Plaintiff has met the pleading requirements of Rule 8(a) and provided a short and plain statement of the facts to apprise Defendant of the basis of its suit. In Florida, the elements for breach of contract are: 1) a valid contract, (2) a material breach, and (3) damages. *Brush v. Miami Beach Healthcare Group Ltd.*, 238 F. Supp. 3d 1359 (S.D. Fla. 2017). In its Complaint, Plaintiff alleges (1) a valid contract: the policy of insurance that was in full force and effect on the date of loss; (2) a material breach: Defendant's failure to tender payment for the full value of the services rendered in accordance with the terms of the policy; and (3) damages: the

outstanding balance owed for its services. Plaintiff also alleges the jurisdiction of the court and makes its demand for relief.

Although Defendant alleges that the Complaint does not meet a basic pleading standard, Plaintiff provides more than enough information to acquaint Defendant with the subject of the lawsuit. In addition to defining the cause of loss as Hurricane Irma, Plaintiff also provides Defendant with the Insured's names, the property address where the loss occurred, the subject Policy number at issue, the claim number, and the date of the loss. Most importantly, Defendant is already acutely aware of this particular controversy as it has previously taken the Examination Under Oath of the Plaintiff as well as received a plethora of documents in relation thereto.

The allegations and facts asserted in the Complaint clearly establish a cause of action for breach of contract against Defendant. Plaintiff has provided Defendant with more than sufficient details for it to ascertain the nature of the proceedings and prepare a defense. Thus, Defendant's Motion to Dismiss Plaintiff's Complaint on this ground should be denied.

Defendant is essentially asking this Honorable Court to depart from the standard four corners of the Complaint and consider documents and evidence that are suited for a summary judgment standard, not a Motion to Dismiss.

2. **Plaintiff's Alleged Failure to Attach the Estimate and Otherwise Plead Damages with Particularity**

Defendant's Motion to Dismiss must be denied because Defendant argues that the Plaintiff's Complaint must be dismissed because it failed to attach the estimate of damages. Interestingly enough, Defendant admits to having the estimate of damages in its possession. [F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659

(1996). Whether the a document must be attached to a complaint is a matter of procedure, and is therefore governed by federal law. Federal Rule of Civil Procedure 10(c) allows the attachment of a written instrument, but does not require such an attachment. Under Federal Rule of Civil Procedure 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." However, the rule is permissive in nature. Unlike the Florida Rules of Civil Procedure, under the Federal Rules of Civil Procedure the plaintiff has "no obligation to attach to her complaint documents upon which her action is based." *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993). Failure to attach the estimate of damages at issue is not a basis for dismissal of this case. The court may consider such an a written instrument whether it is physically attached to the complaint or not. Therefore, the failure to attach the damage estimate to Plaintiff's Complaint is not fatal, and the motion to dismiss on this ground should be denied.

3. **Plaintiff's Alleged Failure to Comply with Conditions Precedent or Otherwise Specifically State the Conditions Precedent**

Defendant alleges that Plaintiff failed to allege "any further details" as it relates to the properly plead assertion that Plaintiff has complied with all conditions precedent to the filing of this lawsuit and request for appraisal. However, Federal Rule of Civil Procedure 9(c) requires a plaintiff to allege that "all conditions precedent have occurred or have been performed" without any mention of having to specifically state what facts it is relying on to make this assertion. Defendant relies on *Myers v. Cent. Fla. Inv. Inc.*, 592 F. 3d 1202, 1224 (11th Cir. 2010) and *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F. 2d 992, 1010 (11th Cir 1982) which are both actions brought under the EEOC. These cases were in relation to the conditions precedent that must be met prior to bringing a Title VII action. The facts are vastly different from the case at

bar and Defendant fails to cite to any authority which contradicts the Federal rules which would otherwise apply to the instant case. Rule 9(c) specifically permits Plaintiff to "allege generally that all conditions precedent have occurred or have been performed.

WHEREFORE, the Plaintiff, CARIBBEAN ISLES VILLAS CONDOMINIUM ASSOCIATION, INC., respectfully requests for the Court to deny Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement and enter any other relief it deems just and proper. If necessary, Plaintiff may amend the pleadings as justice so requires,

*[CERTIFICATE OF SERVICE FOLLOWS ON THE NEXT PAGE]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2021, the foregoing document is being served via electronic mail on this day to all counsel of record or pro se parties as identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

**Attorney for Plaintiff**

**MARIN, ELJAIEK, LOPEZ & MARTINEZ, P.L.**
2601 South Bayshore Drive, 18th Floor
Coconut Grove, Florida 33133
Telephone (305) 444-5969
Facsimile (305) 444-1939

By: ___s/David F. Garcia___
    David F. Garcia, Esq.
    Florida Bar No.: 87055
    Idelys Martinez, Esq.
    Florida Bar No. 1011047

*[SERVICE LIST FOLLOWS ON THE NEXT PAGE]*

## SERVICE LIST

**Counsel for Defendant**
Diana Castiov Weller, Esq.
Martin Harms, Esq.
Kennedys LLP
1395 Brickell Avenue, Suite 640
Miami, FL 33131
Diana.weller@kennedyslaw.com
Martin.harms@kennedyslaw.com
Telephone: (305) 371-1111

**Counsel for Plaintiff**
David F. Garcia, Esq.
Idelys Martinez, Esq.
Marin, Eljaiek, Lopez & Martinez P.L.
2601 South Bayshore Drive – 18th Floor
Coconut Grove, Florida 33133
Telephone: (305) 444-5969
Facsimile: (305) 444-1939
Attorneys for Plaintiff, Garden Apartments, Inc.
dfg@yourinsuranceattorney.com
im@yourinsuranceattorney.com