**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 21-21356-CIV-MORENO**

CARIBBEAN ISLES VILLAS
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

EVEREST NATIONAL INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Everest National Insurance Company ( "Everest"), pursuant to Rule 7.1 of the Local Rules for the Southern District of Florida, hereby files its Reply in Support of its Motion to Dismiss Plaintiff's Complaint [D.E. 6]. In support thereof, Everest states as follows:

Contrary to Plaintiff's assertions in its Response, Plaintiff has wholly failed to allege a plausible claim for breach of contract against Everest. Plaintiff has failed to plead the applicable policy provisions that provide coverage for its claim, how the Policy was breached, the specific damages suffered, or the remedies to which Plaintiff is entitled under the Policy. For these reasons alone, Plaintiff's Complaint must be dismissed. Moreover, Plaintiff has failed to meet the conditions precedent by failing to comply with the Policy's post-loss conditions by refusing to grant Everest access to inspect the interior units claimed to be damaged, and its Complaint therefore must be dismissed for this additional reason.

First, Plaintiff argues in its Response that it has met the pleading standard because its Complaint defines the cause of loss (Hurricane Irma), provides the Insured's names, the property address, the Policy number, claim number, and the date of loss. [D.E. 6, at p. 3]. However, Plaintiff ignores the fact that to plead a breach of contract claim, it must allege the specific provisions in the policy that have been breached. *See Boca Raton Sailing v. Scottsdale Ins. Co.*, 2019 WL 7904805, *2 (S.D. Fla. March 18, 2019) (dismissing complaint where plaintiff failed to allege the specific provisions in the policy that the insurer allegedly breached); *Viamontes v. Scottsdale Ins. Co.*, 2020 WL 5981680, *2 (S.D. Fla. Oct. 8, 2020) (same). Instead of addressing these directly on point cases, Plaintiff merely states "the facts asserted in the Complaint clearly establish a cause of action for breach of contract against Defendant." [D.E. 6, at p. 3]. Plaintiff has clearly not met the pleading standard for making a breach of contract claim, and the case must be dismissed for this reason alone.

Second, Everest cannot properly prepare responses and defenses to Plaintiff's Complaint in its current form because it does not allege the specific damages and/or remedies sought. Plaintiff intermingles allegations relating to Everest's alleged failure to provide additional payment with Everest's alleged failure to proceed to appraisal or provide Plaintiff with a justifiable reason for not complying with appraisal. Everest cannot discern whether Plaintiff is claiming that Everest should have made an additional payment relating to the claim, and if so, relating to what alleged damages, or if Everest should have proceeded to appraisal. In response, Plaintiff asserts that its Complaint should not be dismissed for failing to attach estimates of damages, and that Everest is asking the Court to consider documents beyond the four corners of the Complaint.

Here, the issue is that the Complaint is completely devoid of *any* factual allegations with respect to the types of damages sought, not that Plaintiff failed to attach estimates. Accordingly,

Plaintiff's citation to a Seventh Circuit case regarding failure to attach certain documents to a complaint is not relevant here.  The cases directly on point, on the other hand, hold that plaintiffs who have claimed damages from Hurricane Irma must specify the kinds of damages sustained in order to survive a motion to dismiss.  *See, e.g., Viamontes*, 2020 WL 5981680 at *2 (dismissing complaint for failure to allege the factual basis for its damages claim); *Sanfelippo v. Cincinnati Ins. Co.*, 2020 WL 5203531 at *2 (M.D. Fla. Sept. 1, 2020) (same).  Here, Plaintiff has not alleged these facts with any specificity, and its Complaint must therefore be dismissed for this additional reason.

With respect to Plaintiff's claim that Everest is asking the Court to look outside the four corners of the Complaint, Plaintiff does not address the fact that, for motions to dismiss, the Court may look outside the four corners in certain circumstances.  *See Bettor v. Esurance Prop. And Cas. Ins. Co.*, 2019 WL 2245564 at *1 (S.D. Fla. March 28, 2019) (When considering a Rule 12(b)(6) motion to dismiss, a "court may properly consider documents that the complaint incorporates by reference and matters of which a court may take judicial notice."); *Porcelli v. OneBeacon Ins. Co.*, 635 F. Supp.2d 1312 (M.D. Fla. 2008) (court took judicial notice of Civil Remedies Notice, the insurer's letter response, and insurer's letter of correspondence supplementing its initial response letter).  Plaintiff does not address these and other cases cited in Everest's Motion to Dismiss or provide any case law to suggest that Everest is not entitled to rely on certain documents cited in its Motion to Dismiss.  Accordingly, the Court may take judicial notice of the documents cited in Everest's Motion to Dismiss as they meet exceptions to the general rule that motions to dismiss must be decided solely on the four corners of the complaint.

Finally, Plaintiff contends that it has met the pleading standard under Fed. R. Civ. P. 9(c) by merely alleging that "all conditions precedent have occurred or have been performed."  [D.E.

6, at p. 4]. However, as explained in detail in Everest's Motion to Dismiss, Plaintiff has not met the conditions precedent to bringing this action because it has not allowed Everest to inspect the interior units, nor has it alleged any facts in support of same. *See* [D.E. 4, at pp. 10-13]. Additionally, because its allegations with respect to damages are exceedingly vague, Plaintiff may claim interior damages once already in the appraisal process, which would force Everest to appraise damages without having first had an opportunity to inspect them. This conduct is contrary to the rule that an insured must comply with post-loss conditions before invoking appraisal. *See Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 (11th Cir. 2000). Furthermore, Plaintiff fails to address the on point cases that establish dismissal for failure to meet the requirement of Rule 9(c). *See e.g. Moore v. Travelers*, 321 Fed. Appx. 911, 913 (11th Cir. 2009). Plaintiff's Complaint and demand for appraisal should therefore be dismissed.

For the reasons explained above and in Everest's Motion to Dismiss [D.E. 4], Everest requests that this Court dismiss Plaintiff's Complaint. While Everest maintains that dismissal is appropriate, if the Court is disinclined to dismiss Plaintiff's claims, then at a minimum, we request that the Court require Plaintiff provide a more definitive statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, by specifying how Everest breached the insurance contract at issue and what damages Plaintiff is seeking in relation to that breach.

    Respectfully submitted,

    **KENNEDYS, LLP**
    *Counsel for Defendant Everest National Insurance Company*

    */s/ Diana Castiov Weller*
    **Diana Castiov Weller**
    Fla. Bar. No. 105791
    **Martin Harms**

>Fla. Bar. No. 96804
>Kennedys LLP
>1395 Brickell Avenue, Suite 640
>Miami, FL 33131
>Tel: 305-371-1111
>Email: diana.weller@kennedyslaw.com
>Email: martin.harms@kennedyslaw.com
>Email: greter.medina@kennedyslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF. I further certify that I have served the foregoing document and the Notice of Electronic Filing via electronic mail to:

David Garcia, Esq.
Idelys Martinez, Esq.
Your Insurance Attorney, PLLC
Coconut Grove, FL 33133
YIA5@Yourinsuranceattorney.com
Eservice@Yourinsuranceattorney.com

>*/s/ Diana Castiov Weller*
>**Diana Castiov Weller**